UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

In Re:  KENT DAVID BURSTEIN  
       AKA KENT BURSTEIN  
       AKA KENT DAVID MUNRO BURSTEIN  
       DBA SEKTOR SOLUTIONS, INC.  
       DBA ALLIANCE DEVELOPMENT  

Case No.: 19-72463-FJS  
Chapter 7

       Debtor.

YVETTE NONTE

       Plaintiff,

APN: _____

v.

KENT DAVID BURSTEIN  
AKA KENT BURSTEIN  
AKA KENT DAVID MUNRO BURSTEIN  
DBA SEKTOR SOLUTIONS, INC.  
DBA ALLIANCE DEVELOPMENT  
THOMAS B. DICKENSON, TRUSTEE

       Defendants.

**COMPLAINT TO DETERMINE
NON-DISCHARGEABILITY OF DEBT**

NOW COMES Yvonne Nonte ("Nonte"), by counsel, and moves this Court to determine that the obligation owed to her by Kent David Burstein (the "Debtor") is not dischargeable through this proceeding pursuant to 11 U.S.C. §523(a)(15). In support thereof, Nonte represents as follows:

Steven L. Brown, Esquire  
Tiffany & Brown  
Counsel for Yvette Nonte  
770 Independence Circle  
Virginia Beach, VA 23455  
757-497-1449 telephone  
757-497-1867 facsimile  
steven@tiffanylawfirm.com  
VSB #23740

## JURISDICTION AND VENUE

1. The bankruptcy court has subject matter jurisdiction over this case by virtue of 28 U.S.C. §1334(b).

2. This matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(I).

3. The venue of this action is proper, and in accordance with 28 U.S.C. §1409(a).

## FACTS

4. The Debtor filed for relief pursuant to Chapter 7 on June 27, 2019 (the "Petition Date").

5. Nonte is a Creditor of the Debtor.

6. Nonte and the Debtor were married on October 22, 2004.

7. The Parties separated on March 2, 2010.

8. On or about April 27, 2011, the parties entered into a Voluntary Separation and Property Settlement Agreement ("Separation Agreement"), a copy of which is attached as **Exhibit A**.

9. On or about May 23, 2011, the Circuit Court for Montgomery County, Maryland ("Maryland Court") granted Nonte judgment of absolute divorce and in the Court's Order incorporated the Parties Separation Agreement by reference, a copy of which is attached as **Exhibit B**.

10. Under the terms of Section 6 the Separation Agreement, Burstein agreed to "remit" 50 percent of his share of any "cash distributions he may receive" from either Sektor Solutions, Inc. or Alliance Development.

11. In Section 6 of the Separation Agreement, the Parties defined Burstein's cash distributions and included provisions to prevent him from manipulating the form of his compensation to avoid his obligation to Nonte.

12. The Debtor paid Nonte only a de minimus amount. Upon information and belief it was only $1,189.32.

13. Due to the Debtor's breach of the Separation Agreement, Nonte was forced to file a Complaint in the Maryland Court, a copy of which is attached as **Exhibit C**.

14. On or about May 13, 2015, the Parties entered into a Settlement Agreement, which resolved the outstanding issues arising out of their Separation Agreement ("May 13, 2015 Agreement"), a copy of which is attached **Exhibit D**.

15. Pursuant to the May 13, 2015 Agreement, the Debtor agreed to pay Nonte the money owed to her pursuant to the Separation Agreement in the amount of $700,000.00 and sign a Note evidencing the debt and payment terms. A copy of the Note is attached as **Exhibit E**.

16. On or about January 2, 2019, due to the Debtor's default, the Maryland Court entered an Order awarding Nonte judgment in the amount of $289,849.60 plus attorney fees of $1,500.00 and court costs of $165.00 for the unpaid amounts owed, a copy of which is attached as **Exhibit F**.

17. The balance owed to Nonte as of the date of filing is $320,873.13 with interest at a rate of ten (10%) percent per annum.

## COUNT I
### Nondischargeability Presumed Under § 523(a)(15)

18. The allegations contained in paragraphs 1 through 17 are incorporated by reference.

19. Nonte is the Debtor's ex-spouse.

20. The nature of the debt relates to the Parties' divorce and Separation Agreement.

21. The debt is evidenced by a Maryland Court Order.

22. 11 U.S.C §523(a)(15) states that "[a] discharge under Section 727… does not discharge an individual debtor from any debt –

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;"

23. 11 U.S.C §523(a)(5) is not applicable.

24. Therefore, as the debt relates to the Parties' divorce and Separation Agreement the debt owed to Nonte is non-dischargeable pursuant to 11 U.S.C §523(a)(15).

WHEREFORE, Yvette Nonte prays that this Court enter an Order determining that the debt owed to her be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(15); that this Court award Yvette Nonte a judgment against the Debtor in the amount of $320,873.13, plus interest at a rate of ten (10%) percent per annum and attorney fees and costs and grant such other relief as the court deems appropriate.

                                              **YVETTE NONTE**

By    /s/ Steven L. Brown      
       Of Counsel