# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> KENT DAVID BURSTEIN, ) <br> ) <br> *Debtor*. ) <br> ) | Case No. 19-72463-FJS |
| YVETTE NONTE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> KENT DAVID BURSTEIN, ) <br> ) <br> *Defendant*. ) <br> ) | APN 20-07016-FJS <br><br> Chapter 7 |

## MEMORANDUM OPINION

Kent David Burstein ("Burstein") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 27, 2019. Yvette Nonte ("Nonte") filed a complaint on May 29, 2020, (the "Complaint") alleging that a confessed judgment entered against Burstein in the principal amount of $284,849.60, exclusive of interest, fees and costs, is non-dischargeable under 11 U.S.C. § 523(a)(15) as a debt owed by an ex-spouse in connection with a separation agreement. On July 1, 2020, Burstein filed a motion to dismiss the Complaint (the "Motion to Dismiss") under Federal Rule of Civil Procedure 12(b)(6) as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7012(b). Accordingly, this matter is a core proceeding over which this Court has jurisdiction under 11 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

The Court convened a pre-trial conference on July 21, 2020, which was continued to August 18, 2020, the same date as the hearing on the Motion to Dismiss. Following the hearing, the Court ordered the parties to file a joint statement of facts as well as briefs in support of their respective arguments. Briefing Order, ECF No. 26. After consideration of pleadings, briefs, and arguments made at the hearing, this matter is ripe for determination.

## I. Applicable Law

### a. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to request the dismissal of a proceeding for the failure to state a claim. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Indeed, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plausibility therefore "asks for more than a sheer possibility." *Ashcroft*, 556 U.S. at 678 (citation omitted); *see VIA Design Architects, PC, v. U.S. Dev. Co.*, Civ. No. 2:13cv555, 2014 WL 12527480, at *1 (E.D. Va. Jul. 9, 2014).

Accordingly, the Court must review the contents of the Complaint, accepting "as true all of the factual allegations contained in the complaint and draw[ing] all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal citations and quotations omitted). Further, the Court "may consider documents attached to the complaint . . . 'so long as they are integral to the complaint and authentic.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

The Court will not, however, extend any deference to baseless conclusions. *Rowe v. Clarke*, Civ. Action No. 3:18-cv-780, 2019 WL 2477612, at *2 (E.D. Va. June 13, 2019). If the Court finds that the contents of the Complaint and attached documents state a plausible claim, the Motion to Dismiss must be denied.

### b. 11 U.S.C. § 523(a)(15)

As previously stated, the Complaint requests a determination regarding the non-dischargeability of a debt under 11 U.S.C. § 523(a)(15). Under 11 U.S.C. § 523(a)(15), debts owed to a former spouse, that were incurred "in connection with a separation agreement" can be excepted from a discharge under 11 U.S.C. § 727. 11 U.S.C §§ 523(a)(15), 727(b). A plaintiff in a § 523(a)(15) non-dischargeability action must prove three things: "(1) the debt is owed to a spouse, former spouse, or child of the debtor; (2) the debt is not of the kind from section 523(a)(5) . . . ; and (3) the debt must arise in connection with a divorce or separation." *Shaver v. Shaver* (*In re Shaver*), Adv. No. 14-05005, 2014 WL 3849687, at *3 (Bankr. W.D. Va. Aug. 5, 2014) (citation omitted); *Taylor v. Taylor* (*In re Taylor*), 455 B.R. 799, 807-08 (Bankr. N.M. 2011).

### II. The Pleadings

The Complaint includes the allegations set forth as follows. Nonte and Burstein were married on October 22, 2004. Compl. ¶ 6, ECF No. 1. They separated on March 2, 2010. *Id.* ¶ 7. Subsequently, in 2011, they entered into a Voluntary Separation and Property Settlement Agreement (the "Separation Agreement"). *Id.* ¶ 8. Section 6 of the Separation Agreement, in relevant part, required Burstein to pay Nonte a portion of any cash distributions he received from his companies Sektor Solutions, Inc. and Alliance Development *Id.* at Ex. A § 6. The Separation Agreement was later incorporated, but not merged with the divorce decree, which was entered

May 23, 2011, by the Circuit Court for Montgomery County, Maryland. *Id.* ¶ 9; *id.* at Ex. B; *see also* Joint Stmt. ¶ 7, ECF No. 29.

Subsequently, Nonte filed a complaint against Burstein in the Circuit Court for Montgomery County, Maryland ("Case 388859V"), alleging that Burstein had not performed in accordance with his payment obligations under Section 6 of the Separation Agreement. Compl. ¶¶ 10-13; *id.* at Ex. C. In the Maryland state court complaint, Nonte included counts for declaratory relief, breach of fiduciary duty, and breach of contract. *Id.* at Ex. C; *see also* Joint Stmt. ¶ 10. Nonte alleged that Burstein had manipulated his compensation in violation of the Separation Agreement such that he received less cash income, half of which income he was required to pay Nonte by the terms of the Separation Agreement. Compl. at Ex. C ¶¶ 37-40. On May 13, 2015, Nonte and Burstein entered into a settlement (the "Settlement Agreement"), resolving Case 388859V as well as "outstanding issues" related to their Separation Agreement. *Id.* ¶ 14; *id.* at Ex. D; *see also* Joint Stmt. ¶ 12. The Settlement Agreement required Burstein, among other things, to pay Nonte $700,000.00 in increments over a series of years, secure his payment obligation with deeds of trust in the amount of $700,000.00[1] on his real properties located in Maryland and Virginia, and execute a confessed judgment note in favor of Nonte to evidence his payment obligation. Compl. at Ex. D ¶¶ 9-13, 16; *see id.* at Ex. E. In exchange, Nonte agreed to dismiss Case 388859V with prejudice. *Id.* at Ex. D ¶ 7. Further, Nonte and Burstein agreed to "mutually release each other from any claims they may have arising out of the events addressed by the pending litigation and under Section 6.A through 6.I. of the [Separation Agreement]." *Id.*

---

[1] The Court notes that the joint statement of facts claims that the total debt secured by the deeds of trust was $650,000.00, rather than the $700,000.00 set forth in the Settlement Agreement attached to the Complaint. *Compare* Compl. at Ex. D ¶ 16, *with* Joint Stmt. ¶ 14.

4

Burstein defaulted under the Settlement Agreement, which resulted in the Circuit Court for Montgomery County, Maryland entering the confessed judgment against Burstein on January 2, 2019, in the principal amount of $284,849.60, plus attorney's fees of $1,500.00 and court costs of $165.00 (the "Confessed Judgment"). *Id.* ¶ 16; *id.* at Ex. F. The Complaint contends that the Confessed Judgment, which arises from the Settlement Agreement, relates to Nonte and Burstein's divorce and Separation Agreement and is therefore non-dischargeable under 11 U.S.C. § 523(a)(15). *Id.* ¶ 24.

In the memorandum filed in support of the Motion to Dismiss, Burstein alleges that the Complaint fails to state a claim under 11 U.S.C. § 523(a)(15). The Motion to Dismiss is premised on the following: (1) the Confessed Judgment is a contractual debt, rather than a debt in connection with the Separation Agreement, (2) in the Settlement Agreement, Nonte and Burstein mutually released each other from the obligations in Section 6 of the Separation Agreement, and (3) the Settlement Agreement constitutes either an accord and satisfaction or a novation of the Separation Agreement. Mem. ¶¶ 1-4, 66-77, ECF No. 7.

In furtherance of his claim that the Settlement Agreement is unrelated to the Separation Agreement and therefore dischargeable, Burstein argues that the separate breach of contract action that brought about the Settlement Agreement severed the connection necessary for non-dischargeability under 11 U.S.C. § 523(a)(15). Burstein Post-Hr'g Reply Br. at 2, ECF No. 34 ("Burstein's debt to Nonte has been novated, and as such, any marital nature of the debt has been extinguished by her bargained-for consideration and release."). He further claims that the Settlement Agreement is a distinct contract unto itself that gave rise to a new debt from Burstein to Nonte that is not connected to the Separation Agreement and divorce. Burstein Post-Hr'g Br. at

5

16, ECF No. 30 ("In entering into the [Settlement Agreement], Nonte exchanged her marital debt for a different debt.").

Thus, rather than setting forth a claim under 11 U.S.C. § 523(a)(15), Burstein contends the Complaint attempts to "recast" the Confessed Judgment as a marital debt in violation of the principle of *res judicata*. Mem. ¶ 6. And on the basis of his argument that the claim does not fall under 11 U.S.C. § 523(a)(15), Burstein asserts that the claim is time-barred because it was not filed within the period set forth in Federal Rule of Bankruptcy Procedure 7004(c). *Id.* ¶ 7.

Conversely, Nonte argues that the Court must instead look to the nature of the debt contained in the Settlement Agreement, which she claims is inherently related to the divorce and Separation Agreement. Nonte Post-Hr'g Br. at 7, 15, ECF No. 28 ("A plain reading of the [Settlement Agreement] indicates the extent to which the parties went to ensure Burstein's obligations retained their status as a marital debt. . . . This debt is the same obligation that Burstein owed to Nonte under the terms of the [Separation Agreement]."). Unlike Burstein, Nonte alleges that the Settlement Agreement was merely a "reformulation" of the pre-existing Separation Agreement debt. Nonte Post-Hr'g Resp. Br. at 6, ECF No. 31 ("When the parties entered into the [Settlement Agreement] on the morning of trial, they agreed upon a new way for Burstein to pay Nonte what he owed her.").

### III. Legal Analysis

#### a. Necessary Elements of 11 U.S.C. § 523(a)(15) Complaint

In order to satisfy the threshold test of Rule 12(b)(6), the Complaint must plausibly allege, on its face, the three required elements of § 523(a)(15):

1. The debt is owed to a former spouse;
2. The debt does not fall under 11 U.S.C. § 523(a)(5); and
3. The debt is "in connection with" a divorce or separation.

11 U.S.C § 523(a)(15). If the Court finds that the Complaint does not sufficiently plead these three elements, the Motion to Dismiss must be granted.

### i. The Debt is Owed to a Former Spouse

The Complaint must first allege that the relevant debt is owed to a former spouse. Here, Nonte alleges in the Complaint that the debt is owed to her by Burstein, her former spouse. Compl. ¶ 19. The Complaint further alleges, and Burstein has agreed, that Nonte and Burstein were married and subsequently separated and divorced. *Id.* ¶¶ 6-7, 9; Joint Stmt. ¶¶ 1, 6. As such, this element has been sufficiently plead and is uncontested by Burstein.

### ii. The Debt Does Not Fall Under 11 U.S.C. § 523(a)(5)

The Complaint must further allege that the relevant debt does not fall under 11 U.S.C. § 523(a)(5). Here, the complaint expressly addresses this element, stating that "11 U.S.C. § 523(a)(5) is not applicable." Compl. ¶ 23. As such, this element has also been sufficiently plead.

### iii. The Debt is "in connection with" a Divorce or Separation

Whether the Complaint withstands the Motion to Dismiss turns on whether it alleges with sufficient plausibility that the debt at issue is "in connection with" a divorce or separation. The Bankruptcy Code does not define "in connection with" as it relates to 11 U.S.C. § 523(a)(15). *Woosley v. Woosley*, Civil No. 3:09-0910, 2010 WL 500423, at *5, 7 (M.D. Tenn. Feb. 5, 2010). As such, it is left to the courts to determine whether the facts of a particular case indicate that a debt is "in connection with" a divorce or separation. *See id.* at *7 ("[I]n interpreting the statutory meaning of 'in connection with,' it must be recalled that bankruptcy courts are courts of equity with broad powers to craft remedies that are fair under all of the circumstances."). Here, the Court must consider the unique facts surrounding the Separation Agreement and Settlement Agreement, including the law governing the breach of contract lawsuit that led to the debt at issue.

7

After consideration of the arguments raised in the pleadings, the Court finds that the Complaint alleges sufficient facts to establish a plausible claim that the Confessed Judgment, which arises Settlement Agreement, may be "in connection with" the divorce and Separation Agreement. Assuming *arguendo* that the Settlement Agreement is a distinct contract, a novation, or an accord and satisfaction, the Court is not required to conclude, as Burstein did, that the connection to the Separation Agreement and divorce was necessarily severed. Further, even in light of the release under the Separation Agreement contained in the Settlement Agreement, the debt created by the Settlement Agreement may still be "in connection with" the divorce and Separation Agreement. The basis for this conclusion lies in the applicable Maryland state law.

A.  Maryland Code, Family Law § 8-105

Maryland Code, Family Law § 8-105 is located among the statutes concerning the disposition of property in divorce and, in particular, separation agreements. It states, in pertinent part:

> (a) Enforcement by power of contempt. –
>
>> (1) The court may enforce by power of contempt the provisions of a deed, agreement, or settlement that are merged into a divorce decree.
>>
>> (2) The court may enforce by power of contempt *or as an independent contract* not superseded by the divorce decree the provisions of a deed, agreement, or settlement that contain language that the deed, agreement, or settlement is *incorporated but not merged into a divorce decree.*

Md. Code Ann. Fam. Law § 8-105 (LexisNexis 2014) (emphasis added).

The parties agree, and the Separation Agreement attached to the Complaint explicitly states, that it "shall be incorporated, but shall not merge, into any Decree of Absolute Divorce." Compl. at Ex. A ¶ 22; Joint Stmt. ¶ 7. Accordingly, the Separation Agreement is of the kind

8

contemplated by § 8-105(a)(2), resulting in two avenues for enforcement: through the Maryland state court's contempt powers or as an independent contract. The Complaint alleges and the parties agree that Nonte filed a Complaint against Burstein, initiating Case 388859V, which included a count for breach of the Separation Agreement. Compl. ¶ 13; *id.* at Ex. C; Joint Stmt. ¶ 10. The Complaint further alleges that Nonte and Burstein resolved Case 388859V via the Settlement Agreement, which gave rise to the Confessed Judgment—the debt at issue in this case—which judgment was entered by the Maryland state court upon Burstein's default under the Settlement Agreement. Compl. ¶¶ 14-17; *id.* at Ex. D. As Nonte has contended, it is of no moment that the parties elected to resolve Case 388859V on mutually agreeable terms rather than proceed to trial and judgment in the Maryland state court. *See* Nonte Post-Hr'g Resp. Br. at 11 ("If the parties had not settled the litigation on the morning of trial and Nonte had obtained judgment against Burstein on his failure to comply with the terms of the [Separation Agreement], there would be no doubt that Burstein's debt was in connection with the [Separation Agreement] and therefore nondischargeable."). Because the breach of contract action that resulted in the Settlement Agreement and Confessed Judgment was a statutory remedy available to Nonte under Maryland law for the enforcement of the Separation Agreement, the Court finds that the Complaint alleges sufficient facts to support a plausible inference that the Confessed Judgment debt is "in connection with" the Separation Agreement and divorce and may therefore be non-dischargeable. Therefore, the third element required for an 11 U.S.C. § 523(a)(15) action, that the debt be "in connection with" a divorce or separation agreement, has been sufficiently plead.

      As such, the Complaint has plead all three required elements of an 11 U.S.C. § 523(a)(15) action with a sufficient degree of plausibility, and the Motion to Dismiss must be denied.

## IV. Conclusion

The complaint has sufficiently plead all three required elements of an 11 U.S.C. § 523(a)(15) action such that it sets forth "a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570; *Ashcroft*, 556 U.S. at 678 (citation omitted). Accordingly, the Motion to Dismiss must be denied.

3-03-2021

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered on Docket: Mar 3 2021