# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> KENT DAVID BURSTEIN, ) <br> ) <br> *Debtor*. ) <br> _____) <br> ) <br> YVETTE NONTE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> KENT DAVID BURSTEIN, ) <br> ) <br> *Defendant*. ) <br> _____) | Case No. 19-72463-FJS <br><br><br><br><br><br> APN 20-07016-FJS <br><br><br><br><br><br> Chapter 7 |

## MEMORANDUM OPINION

This matter comes before the Court on summary judgment *sua sponte* to determine the amount of the debt owed by Kent Burstein ("Burstein") to Yvette Nonte ("Nonte," and collectively with Burstein, the "Parties") that is nondischargeable under 11 U.S.C. § 523(a)(15). In an earlier memorandum opinion and order issued in this case on March 24, 2022 (collectively, the "Memorandum Opinion"), the Court granted Nonte's request for entry of partial summary judgment that a confessed judgment entered by the Circuit Court for Montgomery County, Maryland against Burstein (the "Debt") is nondischargeable pursuant to § 523(a)(15) as a debt to a former spouse incurred in connection with a separation agreement and divorce. The Court did not liquidate the amount of the Debt in the Memorandum Opinion because Nonte reserved the issue for a future date. However, in the Memorandum Opinion, the Court determined that it was appropriate to consider the liquidation of the Debt on summary judgment *sua sponte*.

As this matter relates to a § 523(a)(15) nondischargeability action, it is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## I.     Procedural History

On May 29, 2020, Nonte filed a complaint (the "Complaint") requesting a determination that the Debt is nondischargable under § 523(a)(15) as a debt to a former spouse incurred in connection with a separation agreement and divorce. On June 25, 2021, Nonte filed a motion for partial summary judgment, requesting summary judgment only on the issue of the nondischargeability of the Debt under § 523(a)(15) and reserving the liquidation of the nondischargeable Debt for future hearing. Burstein filed a cross motion for summary judgment. After a hearing and for the reasons stated in the Memorandum Opinion, the Court granted partial summary judgment in favor of Nonte and determined that the Debt was nondischargeable under § 523(a)(15). Burstein did not appeal.

On March 24, 2022, the Court issued an order giving the Parties notice that it would consider the liquidation of the Debt on summary judgment *sua sponte* (the "Liquidation Order"). The Liquidation Order also directed Nonte and Burstein to each submit briefs prior to the summary judgment hearing scheduled for May 10, 2022 (the "Liquidation Hearing"). Nonte filed her brief on May 2, 2022 (the "Nonte Brief"). Burstein filed his brief on May 3, 2022 (the "Burstein Brief"). After consideration of the pleadings, briefs, and arguments made by counsel at the Liquidation Hearing, this matter is ripe for determination.

## II.     Facts[1]

Pursuant to the joint stipulation of facts and the pleadings filed in this case, the Parties do

---

[1] The Court incorporates by reference herein all of the factual findings set forth in the Memorandum Opinion issued on March 24, 2022.

not dispute the following material facts. Nonte and Burstein are former spouses. Joint Stmt ¶¶ 1-2, ECF No. 29. They divorced and entered into a Voluntary Separation and Property Settlement Agreement (the "PSA"). *Id*. ¶¶ 2-3. Nonte filed a complaint against Burstein for breach of the PSA in the Circuit Court for Montgomery County, Maryland. *Id.* ¶ 10. The Maryland state court complaint (the "State Court Complaint") included counts for declaratory relief, breach of fiduciary duty, and breach of contract. *Id.*; *see also* Compl. at Ex. C. The common set of facts pleaded in support of all three counts related to Burstein's alleged failure to uphold his obligations to remit cash distributions to Nonte and to provide her with accounting documents pursuant to Section 6 of the PSA. *See* Compl. at Ex. C ¶¶ 3-19. Burstein did not dispute the validity of the copy of the State Court Complaint attached to the Complaint. Answer ¶ 13, ECF No. 40.

On May 13, 2015, Nonte and Burstein entered into a settlement agreement resolving the State Court Complaint as well as "outstanding issues arising out of [the PSA]" (the "Settlement Agreement"). Joint Stmt. ¶ 12; Compl. at Ex. D. The Settlement Agreement, among other things, required Burstein to execute a confessed judgment note in favor of Nonte to evidence his $700,000.00 payment obligation (the "Confessed Judgment Note"). Joint Stmt. ¶¶ 13-16; Compl. at Ex. D ¶¶ 9-14, 16.

Burstein eventually defaulted under the Settlement Agreement, which resulted in the Circuit Court for Montgomery County, Maryland entering a confessed judgment against Burstein on January 2, 2019, in the principal amount of $284,849.60, plus attorney's fees of $1,500.00 and court costs of $165.00 (the "Confessed Judgment"). *Id.* ¶¶ 19-20.

### III.    Conclusions of Law

Pursuant to Federal Rule of Civil Procedure 56, as incorporated into the Federal Rules of Bankruptcy Procedure by Rule 7056, a court may grant summary judgment if "there is no genuine

3

dispute as to any material fact and [a party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citations omitted).

Although the Parties did not move for summary judgment as to the amount of the nondischargeable Debt, the Court is empowered to enter summary judgment *sua sponte*. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). *Sua sponte* summary judgment is appropriate if notice to the would-be losing party "is sufficient to provide an adequate opportunity to demonstrate a genuine issue of material fact." *U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir. 1989) (citing *Nat'l Expositions, Inc. v. Crowley Mar. Corp.*, 824 F.2d 131,133-34 (1st Cir. 1987)). The Court of Appeals for the Federal Circuit elaborated on the notice requirement, stating that "all that is required is notice [to the party with the burden of proof] that she had to come forward with all of her evidence." *Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1308 (Fed. Cir. 2006) (alteration in original) (quoting *Celotex*, 477 U.S. at 326) .

In this matter, the Parties completed discovery and entered into a joint stipulation of facts. Further, the Liquidation Order gave the Parties adequate notice to demonstrate a genuine issue of material fact in briefs and at the Liquidation Hearing. The Court therefore concludes that the Parties were afforded the opportunity to fully develop the record and to present their arguments to the Court. As the Confessed Judgment constitutes the nondischargeable Debt in this case, the sole issue before the Court is whether there is a genuine issue of material fact regarding the amount that Burstein owes Nonte under the Confessed Judgment.

The Parties stipulated that the Confessed Judgment was entered by the Circuit Court for

4

Montgomery County, Maryland on January 2, 2019, in the principal amount of $284,849.60 plus attorney's fees of $1,500.00 and court costs of $165.00. Accordingly, there is no genuine issue of material fact that the principal amount of the Debt is $284,849.60 plus attorney's fees of $1,500.00 and court costs of $165.00.

As the Confessed Judgment was entered in the Circuit Court for Montgomery County, Maryland, Maryland law establishes the applicable post-judgment interest rate. Under Maryland law, a money judgment bears post-judgment interest "at the rate prescribed by law from the date of entry." Md. R. Civ. P. Cir. Ct. 2-604(b). Accordingly, the Court has no discretion regarding when post-judgment interest began to accrue on the Confessed Judgment because the date of entry is not at issue. *See Cochran v. Griffith Energy Serv., Inc*. 993 A.2d 153, 160 (Md. Ct. Spec. App. 2010) ("[W]hen the date of entry of judgment is not at issue, the circuit court has no discretion to decide when post-judgment interest begins to accrue because that question is clearly controlled by Rule 2-604(b)."). Absent exceptions that do not apply here, "the legal rate of interest on a judgment *shall* be at the rate of 10 percent per annum on the amount of judgment." Md. Code, Courts and Judicial Proceedings, § 11-107 (emphasis added). The Court therefore also lacks discretion as to the applicable post-judgment interest rate of ten percent. Accordingly, because the amount of post-judgment interest due on the Confessed Judgment is set by Maryland law, the Court rejects Burstein's contention that contractual interest should apply.

The Court likewise rejects Burstein's contention that interest on the Debt ceased to accrue upon the filing of Burstein's bankruptcy petition. Under 11 U.S.C. § 502(b)(2), creditors are generally not entitled to post-petition interest on pre-petition claims. However, a debtor is liable for post-petition interest accrued under state law on nondischargable debts because such interest is a personal liability of the debtor and is not chargeable to the estate. *See Kieslisch v. Educ. Credit*

*Mgmt. Corp.* (*In re Kieslisch*), 258 F.3d 315, 324 (4th Cir. 2001); *Banks v. Sallie Mae Servicing Corp.* (*In re Banks*), 299 F.3d 296, 300 (4th Cir. 2002) ("Post-petition interest on a nondischargeable debt also is nondischargeable."), *abrogated on other grounds by United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). Accordingly, as the Court has already determined the Debt is nondischargeable, interest continued to accrue on the Debt post-petition.

The calculations set forth in the Nonte Brief reflect that, as of the date of the Liquidation Hearing, the amount due on the Confessed Judgment, including interest accrued as set forth above, is $382,084.71. Burstein conceded that the calculations in the Nonte Brief are arithmetically accurate. Tr. of Liquidation Hearing 5:18-19.

In his brief, Burstein did not raise any material facts that remain at issue and instead made various legal arguments. First, based upon the apparent belief that the payment obligations under Section 6 of the PSA constitute the Debt in this matter, Burstein argued that the Debt is valueless because Burstein was released from his payment obligations under the PSA and the business and stock assets owed to Nonte under the PSA have no value. Burstein also argued that the Debt is distinct from the Confessed Judgment, which he alleged was discharged in Burstein's bankruptcy. Both arguments lack any merit because they fundamentally mischaracterize the Debt. The Memorandum Opinion expressly defined the Debt as the "confessed judgment entered in [Nonte's] favor against Burstein," as identified in Nonte's Complaint. Mem. Op. at 1, ECF No. 80. In concluding that the Debt was nondischargeable under § 523(a)(15), the Court examined the connections between the Confessed Judgment and the PSA in the Memorandum Opinion. However, these connections do not change the fact that the Debt and the Confessed Judgment are synonymous. The connections merely demonstrate why the Confessed Judgment—the Debt—constitutes a debt to a former spouse that was "incurred . . . in connection with a separation

6

agreement, divorce decree or other order of a court of record" under § 523(a)(15).

Burstein further argued that any debt owed to Nonte is "subject to Nonte's election of alternative remedies." Burstein Br. ¶ 6, ECF No. 84. To this end, he first contended that because Nonte elected to obtain the Confessed Judgment, which contains no findings relevant to § 523(a)(15), it is not possible for Nonte to establish any nondischargeable amount. Burstein's argument again overlooks the express language of the Memorandum Opinion. In the Memorandum Opinion, the Court determined that the Confessed Judgment—the Debt—was nondischargeable under § 523(a)(15) because it had a fundamental marital nature derived from its logical and causal relationship to the PSA entered into by the Parties in their divorce. This determination was not dependent upon any findings by the Circuit Court for Montgomery County, Maryland.

Burstein also raised the issue of the pendency of Nonte's enforcement of a deed of trust on real property belonging to Burstein. The pending foreclosure has no relevance to the matter at hand. In the Memorandum Opinion, the Court determined that the Confessed Judgment—the Debt—will remain a personal liability of Burstein notwithstanding his bankruptcy discharge. Here, the Court is liquidating the amount of the Debt. How the amounts owed to Nonte under the Confessed Judgment are satisfied is not before the Court.

Accordingly, as the calculations contained in Nonte's brief are unchallenged, and the Court has rejected the arguments raised by Burstein, the Court finds and concludes there is no genuine issue of material fact regarding the amount of the Debt to be resolved at trial. Therefore, based upon the undisputed facts in this case, Nonte is entitled to judgment as a matter of law that the nondischargeable Debt owed to her by Burstein is $382,084.71, inclusive of interest and fees.

### IV.   Conclusion

For the reasons stated above, the Court enters summary judgment *sua sponte* that the

nondischargeable Debt owed to Nonte by Burstein is $382,084.71, inclusive of interest and fees.

The Court will enter a separate Order consistent with the findings and conclusions contained in this Memorandum Opinion.

The Clerk shall deliver copies of this Memorandum Opinion to Steven L. Brown, counsel for Yvette Nonte; and Thomas K. Plofchan, Jr., counsel for Kent David Burstein.

Entered this 15th day of June 2022, at Norfolk in the Eastern District of Virginia.

FRANK J. SANTORO
Chief United States Bankruptcy Judge

Entered on Docket: Jun 15 2022